## No. 289
## LOCKLAND LUMB. CO. v. ROBINSON
### No. 20390. Supreme Court

On motion to certify. Dock. 3-16-27, 5 Abs. 188.

27. ACTIONS—Where suit is commenced on an account and later an amended petition is filed adding a cause of action and asking for the foreclosure of a mechanics' lien securing the account, is the cause of action changed thereby?

A suit was filed in the Hamilton Common Pleas by the Lockland Lumber Company upon an account. This suit was filed pursuant to a notice received under the statute to file the same within the 60 days allowed. Subsequently thereto, it developed that a mechanics' lien had been taken by the plaintiff on the property, and within the sixty day period, it filed an amended petition adding a cause of action and asking for the foreclosure of its mechanics' lien, which secured this account. New parties were added and service of summons issued upon all interested.

John Robinson, the defendant, claimed that the cause of action had been changed by inserting a new cause of action. The Common Pleas sustained this contention as did the Court of Appeals. Plaintiff in error in the Supreme Court, contends that it has merely added a remedy and has not changed its action.

Attorneys—H. E. Beebe for Company; P. Crosley for Robinson; both of Cincinnati.

Note—Motion to certify allowed, 5 Abs. 250.

(Continued from page 250)

20378—William H. Arnold v. Chalmers Wylie. Motion for an order directing the Court of Appeals of Licking county to certify its record. Overruled. Dock. 3-9-27, 5 Abs. 170.

20380—P. L. Wilkin, Admr., et al. v. Alonzo M. Cochran. Motion for an order directing the Court of Appeals of Knox county to certify its record. Overruled. Dock. 3-10-27, 5 Abs. 170.

concur.

20381—Carl L. Dietrich v. Charles Wahl et al. Motion for an order directing the Court of Appeals of Henry county to certify its record. Overruled. Dock. 3-10-27, 5 Abs. 170.

20382—Alma T. Stone et al. v. H. B. Osborn et al. Motion for an order directing the Court of Appeals of Adams county to certify its record. Overruled. Dock. 3-10-27, 5 Abs. 170.

20383—Ellis R. Onkst v. Mary Recker. Motion for an order directing the Court of Appeals of Montgomery county to certify its record. Overruled. Dock. 3-11-27, 5 Abs. 170.

20384—R. C. Hoiles v. William E. Watkins et al. Motion for an order directing the Court of Appeals of Richland county to certify its record. Allowed. Dock. 3-11-27, 5 Abs. 170.

20385—The Tax Commission of Ohio v. Mary Myers Parker et al. Motion for an order directing the Court of Appeals of Ashland county to certify its record. Allowed. Dock. 3-11-27, 5 Abs. 170.

20387—Mary Myers Parker et al. v. The Tax Commission of Ohio. Motion for an order directing the Court of Appeals of Ashland county to certify its record. Allowed. Dock. 3-12-27, 5 Abs. 170; OA. 5 Abs. 131.

20388—Royal Indemnity Co. v. The American Vitrified Products Co. Motion for an order directing the Court of Appeals of Summit county to certify its record. Allowed. Dock. 3-14-27, 5 Abs. 170.

20389—Charles Drabek v. Wm. Dum et al. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. Overruled. Dock. 3-16-27, 5 Abs. 188.

20390—The Lockland Lumber Co. v. John W. Robinson et al. Motion for an order directing the Court of Appeals of Hamilton county to certify its record. Allowed. Dock. 3-16-27, 5 Abs. 188; OS. Pend. 5 Abs. 253.

# SYLLABUS
## Cases Decided by Supreme Court

### No. 290

No. 20019—The State, ex rel. Effie Beebe, v. Glenn Cowley. Error to the Court of Appeals of Lorain County.

129a. BASTARDY PROCEEDINGS — 1. Sec. 12123 GC. (110 O.L. 299) as amended on April 5, 1923, does not include an award of attorneys fees or an amount for the bastard child for care and maintenance from date of birth to date of trial.

2. By amendment the maintenance of bastard child charged to the reputed father was abolished and in lieu thereof he is charged only with support of mother and expenses during pregnancy and childbirth.

JONES, J.

1. A sum, which includes attorney fees for the prosecution of bastardy proceedings, or which includes an amount for the care and maintenance of a bastard child from the date of its birth to the time of trial, cannot be awarded to the complainant under the provisions of Section 12123, General Code (110 O. L. 299), as amended on April 5, 1923.

2. Prior to the amendment of said section, the reputed father was charged with the child's maintenance; in the amendment that provision was eliminated and, in lieu thereof, provisions were made whereby he was charged only with the mother's support, maintenance and necessary expenses caused by her pregnancy and child-birth.

Judgment affirmed.

Day, Kinkade, Robinson and Matthias, JJ.,